UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH DEPOIAN,<br><br>    Plaintiff,<br><br>v.<br><br>MERLE BERGER,<br><br>    Defendant. | Civil Action No. 1:23-cv-13063 |

**DEFENDANT MERLE BERGER'S MOTION TO DISMISS ALL CLAIMS OR IN THE ALTERNATIVE CERTIFY THE OPERATIVE QUESTION OF LAW TO THE <u>MASSACHUSETTS SUPREME JUDICIAL COURT</u>**

Defendant Merle Berger ("Dr. Berger") respectfully moves to dismiss plaintiff Sarah Depoian's ("Ms. Depoian") Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Ms. Depoian's action concerns medical treatment that Dr. Berger allegedly provided to her more than forty years ago. She asserts three claims – fraudulent concealment (Count I), intentional misrepresentation/fraud (Count II), and violation of G.L. c. 93A (Count III). Each claim is barred as a matter of law for several, independent reasons.

All three claims are barred by the Massachusetts seven-year statute of repose, G.L. c. 260, § 4 (the "Statute of Repose"). To attempt to get around the Statute of Repose, Ms. Depoian has purposefully omitted a medical malpractice claim and instead relies only on a fraudulent concealment theory. But "in determining whether the Statute of Repose applies to a claim, the Court is directed to 'read the complaint by its gist, rather than its label.'" *Lennar Ne. Properties, Inc. v. Barton Partners Architects Planners Inc.*, No. 16-CV-12330-ADB, 2021 WL 231295, at *4 (D. Mass. Jan. 22, 2021) (quoting *Kingston Hous. Auth. v. Sandonato & Bogue, Inc.*, 31

Mass. App. Ct. 270, 274 (1991)). And it is well settled that statutes of repose "eliminate[] a plaintiff's cause of action even in cases of fraudulent concealment." *Bridgwood v. A.J. Wood Constr., Inc.*, 480 Mass. 349, 354 (2018). In fact, in *Joslyn v. Chang*, 445 Mass. 344, 350 (2005), the Supreme Judicial Court held that the Statute of Repose cannot be extended even in cases where a doctor fraudulently conceals a patient's malpractice claim.

Further, Counts I and II, which both allege fraudulent concealment and are mirror images of each other, must be dismissed because "Massachusetts does not recognize an independent claim for fraudulent concealment." *Niedner v. Ortho-McNeil Pharm., Inc.*, 90 Mass. App. Ct. 306, 313 n.7 (2016).

Count III also fails for the additional reason that Ms. Depoian does not allege that Dr. Berger acted in an entrepreneurial or business capacity, and therefore his alleged conduct is outside the purview of c. 93A. *See Darviris v. Petros*, 442 Mass. 274, 279-284 (2004).

In the alternative, to the extent the Court determines there is an open question of law regarding whether the Statute of Repose bars Ms. Depoian's claims, Dr. Berger requests that the Court certify the question for the Supreme Judicial Court to decide. But to be clear, the Statute of Repose bars Ms. Depoian's action.

## REQUEST FOR ORAL ARGUMENT

Dr. Berger respectfully requests oral argument on this motion pursuant to Local Rule 7.1(d).

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

I, Ian J. Pinta, hereby certify that, on February 9, 2024, I conferred in good faith with Ms. Depoian's counsel, Adam Wolf, by telephone to resolve and/or narrow the issues raised in this motion.

/s/ Ian J. Pinta
Ian J. Pinta

Respectfully submitted,

MERLE BERGER,

By his attorneys,

*/s/ Ian J. Pinta*
Ian J. Pinta (BBO # 667812)
Gregory Browne (BBO # 708988)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, Massachusetts 02110
(617) 720-2626
ipinta@toddweld.com
gbrowne@toddweld.com

Dated: February 12, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 12, 2024.

*/s/ Ian J. Pinta*
Ian J. Pinta