UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-13063-RGS

SARAH DEPOIAN

v.

MERLE BERGER

ORDER CERTIFYING QUESTIONS OF LAW TO
THE MASSACHUSETTS SUPREME JUDICIAL COURT

March 29, 2024

STEARNS, D.J.

Plaintiff Sarah Depoian presented to defendant Dr. Merle Berger in 1980 seeking fertility services. Because her husband's sperm could not be used for conceiving, Dr. Berger offered to perform an intrauterine insemination[1] on Ms. Depoian using the sperm of an anonymous medical resident who resembled her husband. Ms. Depoian agreed to the procedure.

Dr. Berger, however, allegedly diverged from the plan and inserted his own sperm into Ms. Depoian. The procedure was a success, and Ms. Depoian became pregnant with her daughter. At no point during any follow-up visits (including a visit in April of 1980 to confirm the pregnancy) did Dr. Berger

---

[1] Intrauterine insemination is a procedure that treats infertility by placing sperm directly into the uterus via a catheter.

disclose that he had used his own sperm to impregnate her. In 1983, moreover, when Ms. Depoian returned to Dr. Berger in the hopes of using the same donor for a second child, he affirmatively stated that he did not know the identity of the father of her first child.

Several decades later, in 2022, Ms. Depoian's daughter, hoping to learn more about her family history, purchased two DNA genealogical kits. Her family-history reports disclosed that she was related to Dr. Berger's granddaughter and one of his second cousins. After speaking with one of her newly discovered relatives, Ms. Depoian's daughter realized that Dr. Berger in fact is her biological father.

Ms. Depoian's daughter discussed the DNA results with her mother, who was stunned by the revelation. After unsuccessfully seeking confirmation from Dr. Berger through her counsel, Ms. Depoian filed this suit, alleging fraud and violations of Mass. Gen. Laws ch. 93A.

A federal district court sitting in diversity may make a guess as to a future dispositive ruling of the highest court of a state in its jurisdiction when there is no conclusive state court pointing to the answer. *See Norton v. McOsker*, 407 F.3d 501, 506 (1st Cir. 2005). However, where "the path of state law is sufficiently undeveloped, or the correct answer to the question before [it is] sufficiently unclear, so as to make such prophetic action unwise,

[a court] may instead choose to certify such questions to the highest court of the state." *Showtime Entm't, LLC v. Town of Mendon*, 769 F.3d 61, 79 (1st Cir. 2014).

Under the facts presented here, the court believes that certification is the prudent course to follow. The Massachusetts Supreme Judicial Court (SJC) has yet to decide whether Mass. Gen. Laws ch. 160, § 4, applies retroactively and, if it does, whether it bars claims based on alleged post-treatment misconduct. While the Appeals Court sixteen years ago answered the latter question in the affirmative, *see Chace v. Curran*, 71 Mass. App. Ct. 258 (2008), the court cannot comfortably predict that the SJC would today adopt that rule as its own given the strictness with which it has traditionally interpreted the statute of repose, *cf. Berkley Nat'l Ins. Co. v. Atl.-Newport Realty LLC*, 93 F.4th 543, 552-553 (1st Cir. 2024).

## ORDER

Pursuant to Supreme Judicial Court Rule 1:03, the following two questions of state law are respectfully certified by this court to the Supreme Judicial Court of Massachusetts:

> 1. Does the seven-year medical-malpractice statute of repose, Mass. Gen. Laws ch. 260, § 4, passed in 1986, apply retroactively to a cause of action based on conduct that occurred between 1980 and 1983, and of which the plaintiff did not become aware until 2023, as alleged in this action?

2. Does the medical-malpractice statute of repose, Mass. Gen. Laws ch. 260, § 4, bar claims for fraud/intentional misrepresentation and violation of Mass. Gen. Laws ch. 93A based on a medical provider's post-treatment false statements made to conceal the provider's treatment misconduct and to promote the provider's business interests, as alleged in this action?

This court also welcomes the advice of the Supreme Judicial Court on any other questions of Massachusetts law it deems material to this case.

The Clerk of this court is directed to forward to the Supreme Judicial Court, under official seal, copies of this Memorandum and Order and the entire record of this case.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE